OPINION JUDGMENT ENTRY
{¶ 1} On April 1, 1999, appellant, David Zerby, was injured in a motor vehicle accident caused by the negligence of another. At the time of the accident, appellant was acting within the scope of his employment as a police officer with the Perry Township Police Department, and was a member of the Fraternal Order of Police (hereinafter "FOP"). The FOP was insured under a commercial automobile policy issued by State Farm Automobile Insurance Company.
 {¶ 2} On April 4, 2002, appellant, together with his wife, filed a complaint for declaratory judgment seeking underinsured motorist benefits under the policy. All parties filed motions for summary judgment. By judgment entry filed September 12, 2003, the trial court found in favor of State Farm, finding coverage under the policy did not extend to appellant as a union member.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred in holding that david zerby is not an insured under the state farm policy issued to the fop/ohio labor council, Policy No. 570 5924-A15-35F."
 I {¶ 5} Appellants claim the trial court erred in determining Officer Zerby was not entitled to coverage under the FOP policy issued by State Farm. We agree with the trial court's decision, but for a different reason.
 {¶ 6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 9} We note the genesis of this claim is premised upon a claim for uninsured/underinsured motorists coverage pursuant to Scott-Pontzer v.Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292, andEzawa v. Yasuda Fire and Marine Ins. Co., 86 Ohio St.3d 557, 1999-Ohio-124. However, the policy sub judice is distinguishable from the policies in said cases.
 {¶ 10} In this case, the State Farm policy defines an "insured" as follows in pertinent part:
 {¶ 11} "Insured — means the person or persons covered by uninsured motor vehicle coverage.
 {¶ 12} "This is:
 {¶ 13} "1. the first person named in the declarations;
 {¶ 14} "2. his or her spouse;
 {¶ 15} "3. their relatives; and
 {¶ 16} "4. any other person while occupying:
 {¶ 17} "a. your car, a temporary substitute car, a newly acquired car
or a trailer attached to such car. Such vehicle has to be used within the scope of the consent of you or your spouse; or
 {¶ 18} "b. a car not owned by you, your spouse or any relative, or a trailer attached to such a car. It has to be driven by the first person
named in the declarations or that person's spouse and within the scope of the owner's consent." See, Section III of the Uninsured Motor Vehicle — Coverage U, attached to Appellants' Brief as Exhibit A.
 {¶ 19} The term "person" is defined in the policy as "a human being." See, Defined Words, attached to Appellants' Brief as Exhibit A. Unlike the ambiguous "you" definition of Scott-Pontzer, the State Farm policy specifically insures human beings only. Therefore, Scott-Pontzer does not apply. Officer Zerby is not the first person named in the declarations and as such, is not an insured under the first definition of an insured.
 {¶ 20} The fourth definition extends coverage to any other person while occupying a car owned by the FOP. At the time of the accident, Officer Zerby was operating a police cruiser which was not owned by the FOP. Therefore, Officer Zerby does not qualify as an insured under the fourth definition.
 {¶ 21} The trial court granted summary judgment to State Farm, findingScott-Pontzer applied, but coverage under the policy was not extended to union members. Upon review, we find the trial court was correct in granting summary judgment to State Farm albeit for a different reason,Scott-Pontzer does not apply and Officer Zerby is not an insured under the policy.
 {¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Hoffman, J. concur.